ORIGINAL

REISSUED FOR PUBLICATION
15 MAR 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: February 17, 2017

FILED
FEB 17 2017
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JEROME UNICK, | * | UNPUBLISHED |
| Petitioner, | * | No. 15-1216V |
| v. | * | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Vaccine Act Entitlement; Insufficient Proof of Causation; Influenza (Flu) Vaccine; Cellulitis & Chronic Joint Pain. |
| Respondent. | * | |

Jerome Unick, Wethersfield, CT, *pro se*.
Glenn Alexander MacLeod, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION[1]

On October 19, 2015, Jerome Unick ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of a flu vaccine administered to his right arm on October 22, 2012, he developed "cellulitis and chronic joint pain." Petition at ¶¶ 1-3. Petitioner also filed a motion to proceed *in forma pauperis*. Petitioner's Motion ("Pet'r's Mot.") (ECF No. 2). The undersigned granted this motion on November 5, 2015. See Order entered on November 5, 2015 (ECF No. 3).

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

The initial status conference was held on December 17, 2015. See Order entered December 18, 2015 (ECF No. 8). Petitioner appeared *pro se* and Michael Milmoe appeared on behalf of respondent. Id. During the status conference, petitioner stated that he was in the process of collecting his medical records. Id. He also stated his belief that he had located an attorney who was willing to represent him, once he obtained those medical records. Id. The undersigned ordered petitioner to have counsel file a notice of appearance within ninety days, by March 15, 2016. Id. Petitioner was unable to secure counsel by this deadline.

A second status conference was held on May 17, 2016. See Order entered on May 18, 2016 (ECF No. 14). Petitioner appeared *pro se* and Glenn MacLeod appeared on behalf of respondent. During the status conference, petitioner stated that he had gathered all of his medical records, and had contacted several attorneys, who had not responded. Id. The undersigned explained that while an attorney is always recommended, petitioner may proceed *pro se* if he chooses to or if he is unable to locate an attorney. Id. She ordered petitioner to either have counsel file a notice of appearance or to file his own medical records by June 17, 2016. Id. The undersigned noted that if petitioner did not meet this deadline, an Order to Show Cause would be issued. Id. Petitioner did not meet the deadline, and an Order to Show Cause was issued on June 29, 2016. Order to Show Cause (ECF No. 16). Petitioner then filed medical records in support of his claim on August 1, 2016. Exhibits 1-6 (ECF No. 17).

Another status conference was held on September 1, 2016. See Order entered on September 7, 2016 (ECF No. 19). At that time, petitioner confirmed that he had been unable to retain an attorney and that he was proceeding *pro se*. Id. The undersigned had reviewed petitioner's medical records and provided her preliminary tentative findings as to why the medical records did not show causation between petitioner's vaccine on October 22, 2012 and his alleged injuries. Id. First, the medical records suggested that petitioner had joint pain prior to vaccination. Id. Second, the records indicate that after the vaccine, petitioner was generally in good health, until he later suffered several injuries. Id. Third, none of petitioner's treating physicians opined that the flu vaccination caused petitioner's injuries. Fourth and finally, the medical records do not establish that the alleged vaccine injuries - cellulitis and joint pain - persisted for at least six months, as required for compensation in the Vaccine Program. Id. For these reasons, the medical records did not establish that the vaccine caused petitioner's injuries. Id. Therefore, to continue prosecuting his claim, petitioner would need to provide an expert opinion stating: (1) a medical theory (mechanism of causation) showing how the flu vaccine could have caused the injury alleged; (2) a logical sequence of cause and effect showing that the flu vaccine caused the injury, in petitioner's specific case; and (3) whether there was an appropriate temporal relationship between the vaccine and his injuries. See Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005). Petitioner would also need to show that his injuries persisted for at least 6 months, as required by the Vaccine Act. See 42 U.S.C. § 300aa-11(c)(1)(D). Petitioner requested sixty days to retain an expert and file a report. The undersigned granted this request and confirmed that petitioner's deadline was November 7, 2016. See Order entered on September 7, 2016 (ECF No. 19).

On November 7, 2016, petitioner called chambers and made his first oral motion for extension of time to file his expert report. The undersigned granted a thirty-day extension, until December 8, 2016. See Order entered on November 8, 2016 (ECF No. 22). However, petitioner did not meet that amended deadline or make other contact with the court.

The undersigned, acting *sua sponte*, gave petitioner a second extension of time until January 9, 2017, to file his expert report or show other cause why the case should not be dismissed. See Order filed on December 16, 2016 (ECF No. 23). On January 3, 2017, petitioner called chambers. He stated that he had not been able to obtain an expert report from his treating physician or from another doctor he had contacted. He asked the undersigned to review his case and suggest how he should proceed. See Order entered on January 4, 2017 (ECF No. 24).

On January 4, 2017, the undersigned gave petitioner a third extension of time, until February 8, 2017, to file his expert report. Id. Her order stated: "If petitioner does not file an expert report or other cause by this date, it will be interpreted as an inability to provide supporting documentation for this claim constituting a failure to prosecute, and the case will be dismissed." Id. To date, the undersigned has not received an expert report or any other filings from petitioner.

When a petitioner fails to comply with Court orders to prosecute his case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests).

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish that the vaccine caused petitioner's injuries, petitioner must offer an expert opinion in support of his claim. The undersigned has given petitioner over five months to obtain and file an expert report. However, he has not filed an expert report or given any indication that he will be able to do so.

**Therefore, this case is dismissed for failure to prosecute. The Clerk SHALL ENTER JUDGMENT accordingly.**

**IT IS SO ORDERED.**

Dated: 2-17-2017

Nora Beth Dorsey
Chief Special Master

3